**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-30108
Summary Calendar

RAWBOE PROPERTIES LLC; ROGER T. BOES,

Plaintiffs-Appellants,

VERSUS

WESTCHESTER FIRE INSURANCE COMPANY; ET AL,

Defendants

WESTCHESTER FIRE INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans
(00-CV-196-T)

June 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Rawboe Properties, L.L.C., and Roger T. Boes appeal the district court's grant of summary judgment on claims for damages under a fire insurance policy.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Appellee Westchester issued a fire insurance policy to Rawboe, which, *inter alia*, required all claims to be submitted within two years of knowledge of loss. The insured property was damaged as a result of a fire, and Westchester received two estimates on the damage, both of which were for $26,710.60. The Appellants signed a Proof of Loss for that amount minus a deductible cost and a subrogation receipt, stating that payment was received in full settlement of all claims. After the two year prescription period, the Appellants filed suit for additional damages, but the district court granted summary judgment to the Appellee.

This court reviews a grant of summary judgment de novo, applying the same standards as the district court. Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998). Summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Under Louisiana law, when the insured and insurer reasonably disagree as to the amount of loss, the insurer may refuse to pay and not be subject to penalties. Sibley v. Insured Lloyds, 442 So. 2d 627, 632 (La. App. 1st Cir. 1983). However, if part of the claim is not disputed, the insurer may avoid penalties by unconditionally tendering payment as to the undisputed part. Id. Rawboe has failed to present evidence that the claim was in dispute at the

time of the settlement. Since there was no dispute, Westchester was not compelled to make an unconditional offer. Furthermore, under the plain terms of the contract, Rawboe's claims prescribed.

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.